J-A23034-21

**NON-PRECEDENTIAL DECISION - SEE SUPERIOR COURT I.O.P. 65.37**

| | | |
|---|---|---|
| IN RE: ADOPTION OF: A.M.W., A MINOR | : : : : : | IN THE SUPERIOR COURT OF PENNSYLVANIA |
| APPEAL OF: M.J.G. | : : : : : : : : | |
| | : | No. 519 MDA 2021 |

Appeal from the Decree Entered March 31, 2021
In the Court of Common Pleas of Bradford County Orphans' Court at
No(s):  18 ADOPT 2020

BEFORE:   PANELLA, P.J., MURRAY, J., and STEVENS, P.J.E.[*]

DISSENTING MEMORANDUM BY MURRAY, J.:**FILED: FEBRUARY 14, 2022**

After carefully reviewing the record, I respectfully dissent on the basis that the orphans' court's failure to appoint counsel for Child was contrary to Child's best interests.

The Majority found Former Stepfather waived this claim because he "did not raise an objection to or submit any filing and/or request as to the Child's lack of representation with the trial court subsequent to the termination proceedings." Maj. at 21.  However, our Supreme Court has held this claim is not waivable.  ***See In re Adoption of K.M.G.***, 240 A.3d 1218, 1234-35 (Pa. 2020) (appellate court may raise issue of child's right to counsel *sua*

---

[*] Former Justice specially assigned to the Superior Court.

*sponte*); ***In re T.S.***, 192 A.3d 1080, 1087 (Pa. 2018) (issue of whether orphans' court erred in not appointing counsel for child is non-waivable).

The Majority further concluded that even if not waived, the issue lacked merit. Maj. at 21-22. It stated, "[w]hile permissible, the statute does not require that counsel be appointed beyond the termination proceedings." ***Id.*** at 22 (citation omitted). However, the Majority does not address whether the orphans' court acted in Child's best interests in not appointing counsel.

Previously, the orphans' court appointed counsel to represent Child in the uncontested termination of biological father's parental rights, where Child had no relationship with biological father. ***Id.*** at 3, 22. Conversely, Child lacked representation in the adoption proceedings, where Child had a strong relationship with Former Stepfather — who is the only father Child had known — and the record contains little information about Child's relationship with Current Stepfather. ***Id.*** at 3; Orphans' Court Opinion, 3/29/21, at 1-2. My review discloses no dispute that Former Stepfather was in *loco parentis*[1] to Child, paid child support, and shared legal and physical custody of Child after separating from Mother. ***Id.*** The record also suggests that Current Stepfather filed the petition to adopt Child less than two years after marrying Mother in order to circumvent Mother's custody agreement with Former Stepfather.

---

[1] A person stands in *loco parentis* with respect to a child when he or she "assum[es] the obligations incident to the parental relationship without going through the formality of a legal adoption." ***K.X. v. S.L.***, 157 A.3d 498, 505 (Pa. Super. 2017) (citations omitted).

Child was 11 years old at the time of the adoption proceedings, yet the orphans' court opinion is devoid of any reference to Child's views about being adopted by Current Stepfather, or any examination of whether adoption was in Child's best interests. In my view, the orphans' court failed to act in Child's best interests by not appointing counsel for Child in the adoption proceedings. **See K.M.G.**, 240 A.3d at 1234 ("counsel [ ] serve[s] the critical role of a child's attorney, zealously advocating for the legal interests of the child who otherwise would be denied a voice in the [ ] proceedings."); 23 Pa.C.S.A. § 2313(a).

This Court was presented with a similar scenario in **In re: Adoption of R.A.B.**, 1364 EDA 2007 (Pa. Super. May 9, 2008) (unpublished memorandum). The decision is non-precedential, but instructive, where a mother parented her child conceived by artificial insemination with her partner, who stood in *loco parentis* to the child. **Id.** at 1-2. The relationship between mother and her partner ended when the child was three; the mother subsequently married and her husband sought to adopt the child. **Id.** at 2. The partner successfully intervened in the adoption proceedings, and after an 8-day trial, the orphans' court granted the husband's adoption petition. **Id.** The partner appealed, and although we upheld the orphans' court's determination regarding the merits of husband's petition, we vacated and remanded based on our concern that application of the Adoption Act had

vacated the custodial rights of the partner, who was in *loco parentis* to the child. *Id.* at 7-9. We stated:

> [A]t the time the trial judge granted the petition of R.B. to adopt [the child], there were already two persons with legally enforceable parental rights. Thus, the decision of the trial court to grant R.B.'s petition to adopt R.A.B. either created a situation where R.A.B. has three legal parents, or effectively eliminated appellant's parental rights without due consideration for the consequences. The failure to address those consequences is of particular significance to any consideration and resolution of the best interests of R.A.B., since, **as recognized by counsel appointed to represent the interest of R.A.B**, the experts produced by the respective parties were adamant that appellant's relationship with R.A.B. should be maintained.

*Id.* at 9 (emphasis added).

Here, while Former Stepfather's custody was not court-ordered, Former Stepfather and Mother had adhered to a binding custody arrangement they negotiated and included in their legally enforceable post-nuptial agreement. While Child is older than the child in *R.A.B.*, and has a longer-standing relationship with Former Stepfather, the orphans' court, unlike the court in *R.A.B.*, did not appoint counsel, and no one represented Child's interests. In my view, because Former Stepfather stood in *loco parentis* to Child, the orphans' court "effectively eliminated [Former Stepfather's] parental rights without due consideration for the consequences." *Id.* Accordingly, I would vacate the adoption decree and remand for appointment of counsel to "serve the critical role of a child's attorney, zealously advocating for the legal interests of the child[.]" *K.M.G.*, *supra* at 1234. I therefore dissent.